**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

───────────────────────────────────────────

970 Broad Street, Suite 700      973/645-2700
Newark, NJ 07102

DDG/PLEA AGREEMENT
93R02197

February 2, 2005

Bryan Blaney, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

      Re:  Plea Agreement with Taroco Holdings, Inc.  05-97

Dear Mr. Blaney:

      This letter sets forth the plea agreement between your client, Taroco Holdings, Inc., and the United States Attorney for the District of New Jersey ("this Office").

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Taroco Holdings, Inc., to a one-count information, which charges failure to keep and maintain records of foreign financial agency transactions, in violation of 31 U.S.C. § 5314(a)(3). If Taroco Holdings, Inc., enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Taroco Holdings, Inc., for the conduct charged in the information. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Taroco Holdings, Inc., may be commenced against it, notwithstanding the expiration of the limitations period after Taroco Holdings, Inc., signs the agreement. Taroco Holdings, Inc., agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Taroco Holdings, Inc., signs the agreement.

Sentencing

      Pursuant to 31 U.S.C. § 5322, the violation of 31 U.S.C. § 5314(a)(3) to which Taroco Holdings, Inc., agrees to plead guilty carries a statutory maximum prison sentence of 5

years, and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Taroco Holdings, Inc., is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge, in this case, may impose any reasonable sentence up to and including the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Taroco Holdings, Inc., ultimately will receive.

Further, in addition to imposing any other penalty on Taroco Holdings, Inc., the sentencing judge: (1) will order Taroco Holdings, Inc., to pay an assessment of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Taroco Holdings, Inc., to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order Taroco Holdings, Inc.,, pursuant to 18 U.S.C. § 3555, to give notice to any victims of the offense.

In addition, Taroco Holdings, Inc., agrees to pay a fine of $30,000, which must be paid by the date of sentencing.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Taroco Holdings, Inc., by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Taroco Holdings, Inc.,'s activities and relevant conduct with respect to this case.

Waiver of Appeal and Post-Sentencing Rights

Taroco Holdings, Inc., is aware that 18 U.S.C. § 3742

affords a defendant the right to appeal the sentence imposed. Acknowledging this, Taroco Holdings, Inc., knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for concessions made by the United States in this plea agreement. The defendant also waives its right to challenge its sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This Office also waives its rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Taroco Holdings, Inc. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Taroco Holdings, Inc.

No Other Promises

This agreement constitutes the plea agreement between Taroco Holdings, Inc., and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Donna Gallucio
Assistant U.S. Attorney

APPROVED:

Deputy Chief, Criminal Division

- 3 -

I have received this letter from Taroco Holdings, Inc.,'s attorney, Bryan Blaney, Esq., I have read it and I understand it fully. I hereby acknowledge that I have full authority to enter into this plea agreement on behalf of Taroco Holdings, Inc., I accept the terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

CONSENTED TO AND ACCEPTED BY
AUTHORIZATION OF THE BOARD OF
DIRECTORS OF TAROCO HOLDINGS, INC.

_____     Date: Feb 8, 2005
David Chang
Corporate Officer of
Taroco Holdings, Inc.

_____     Date: 8 February 2005
Bryan Blaney, Esq.